UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

IN RE:                                      )
                                            )
    TAYLOR N. PARKER                        )        CASE NO.  16-10173(1)(7)
                                            )
                     Debtor(s)        )
                                            )
    ESTATE OF KENNETH GOWER, et al.         )        AP No. 16-1016
                                            )
            Plaintiff(s)                )
                                            )
v.                                          )
                                            )
    TAYLOR N. PARKER                        )
                                            )
            Defendant(s)                )

## MEMORANDUM-OPINION

This matter is before the Court on the Defendant/Debtor ("Debtor") Taylor Parker's Motion to Dismiss the Complaint filed by Plaintiffs Estate of Kenneth Gower, Annette G. Stroud, Donna Sircy, Pam Stewart and Marcy Wilkins.  The Court considered the Debtor's Motion to Dismiss, the Response of the Plaintiffs, the Reply filed by Debtor, the comments of counsel at the hearing held on the matter and the Court's own research.  For the following reasons, the Court will **DENY** the Motion to Dismiss.

## PROCEDURAL AND FACTUAL BACKGROUND

On May 11, 2016, the Plaintiffs initiated this adversary proceeding seeking a judgment declaring a debt owed to them by Debtor nondischargeable pursuant to 11 U.S.C. §§ 523(a)(6) and (7).  The debt resulted from a burglary of Kenneth Gower's home, for which Debtor was found

guilty of robbery and a judgment entered against him for criminal restitution in the amount of $35,000.

On September 14, 2006, an Agreed Judgment was entered in state court for Debtor to pay Gower for damages stemming from the burglary.

On September 7, 2007, Kenneth Gower died.

On August 26, 2009, an Assignment was executed assigning the Judgment to the heirs of Kenneth Gower's Estate, Annette G. Stroud, Donna Sircy, Pamela Steward and Marcy Wilkins.

On March 1, 2016, Debtor filed his Voluntary Petition seeking relief under Chapter 7 of the United States Bankruptcy Code.  Debtor listed the Estate of Kenneth Gower on his Petition as a nonpriority Creditor.

On May 11, 2016, Summons was issued to the Plaintiff for service on the Debtor.

On May 27, 2016, Plaintiffs filed the return of service of the Summons by the Plaintiffs on Debtor by U.S. mail, postage prepaid at his residence on May 24, 2016.

On June 10, 2016, Debtor filed the Motion to Dismiss currently before the Court.

## <u>LEGAL ANALYSIS</u>

Debtor seeks dismissal of the Plaintiffs' Complaint on two grounds.  The first is that the Plaintiffs engaged in the unauthorized practice of law by filing the Complaint on behalf of the Estate of Kenneth Gower, *pro se*.  The Plaintiffs herein include the Estate, and the Estate's sole beneficiaries Annette Stroud, Donna Sircy, Pamela Stewart and March Wilkins.

The Court notes at the outset that the law governing the question of representation is federal law, not state law.  *Jones v. Correctional Medical Services, Inc.*, 401 F.3d 950, 951-52 (8th Cir. 2005).  Federal law allows parties to "plead and conduct their own cases personally or by

counsel . . ."  28 U.S.C. § 1654.  The Sixth Circuit has recently clarified the law on whether beneficiaries of an estate may represent the estate *pro se* issue in *Bass v. Leatherwood*, 788 F.3d 228 (6th Cir. 2015).  The Court clearly held in *Bass* that the sole beneficiary of an estate without creditors may represent the estate *pro se*.

The Debtor attempts to distinguish the case at bar from the facts in *Bass* by contending that *Bass* had only a single plaintiff and here there are four individuals who have joined as Plaintiffs. The Court sees little merit in this distinction.

As the *Bass* case indicates, the purpose behind the ruling is as follows:

> 'The rule against non-lawyer representation protects the rights of those before the court by preventing an ill-equipped layperson from squandering the rights of the party he purports to represent.'  *Zanecki v. Health Alliance Plan of Detroit*, 576 Fed. Appx. 594, 595 (6th Cir. 2014) (per curiam) (quoting *Myers v. Loudoun Cnty. Pub. Sch.*, 418 F.3d 395, 400 (4th Cir. 2005)).  The purpose of the rule, then, is to protect third parties.  But that purpose has no role to play when the only person affected by a nonattorney's representation is the nonattorney herself.

*Id.* at 230.  Here, there is no claim that there are any other beneficiaries than the four named Plaintiffs who all signed the Complaint.  Nor is there any challenge made that there are any other creditors of the Estate.  Here, the only parties affected by the non-attorney representation are the Plaintiffs themselves.  There are no other individuals whose rights will be impaired by non-attorney representation herein.  Thus, there is no non-party whose rights would be affected by Plaintiffs' *pro se* representation.  Therefore, there is no defect in the Complaint based on the Plaintiffs' *pro se* representation.

The Court notes, however, that the Estate is not a necessary party to this action, and was only named in the Complaint because Debtor listed the Estate as a creditor on his Petition.  Since the filing of the Motion to Dismiss, the Plaintiffs engaged counsel to represent them in this proceeding

-3-

and filed a Motion to Dismiss the Estate as a party to the case.  While it is not necessary that the Estate be dismissed to cure any possible unauthorized practice of law claim, the Court finds no harm in dismissing the Estate as a party and will grant the Motion by separate Order.

Debtor's second basis for seeking dismissal of the Complaint is based on his assertion that Plaintiffs did not serve a copy of the Complaint, Summons and Scheduling Order on Debtor's attorney as required by Fed. R. Bankr. P. 7004(g) and that the Summons was not served within seven (7) days of being issued as required by "Fed. R. Civ. 7004(10)(e)."  First, the Court notes that Debtor's attorney clearly received a copy of the Complaint, Summons and Scheduling Order even though it may not have been mailed to her by the Plaintiffs.  The Court sees no possible prejudice to the Debtor by this claim.

Debtor next contends that "Fed. R. Civ. P. 7004(10)(e) requires the Summons be served within seven (7) days of being issued."  Motion to Dismiss, at p. 2.  The Court assumes the Debtor is referring to Federal Rule of Bankruptcy Procedure 7004(e), which provides for the seven (7) day deadline.  While the Rule does provide that "if service is by any authorized form of mail, the summons and complaint shall be deposited in the mail within seven (7) days after the summons is issued."  The Rule further provides, "if the summons is not timely delivered or mailed, another summons will be issued for service."  Since the filing of the Motion to Dismiss, the Plaintiffs have filed a Motion for Issuance of Summons based on grounds asserted in their Response to the Motion to Dismiss.  The Court finds this unnecessary.

The Local Rules and Administrative Manual issued by the United States Bankruptcy Court for the Western District of Kentucky allows *pro se* plaintiffs to file complaints by mail rather than by electronic means.  Where a complaint is filed by mail, the Administrative Manual also provides

that plaintiffs have 14 days to serve the summons.  *See*, Local Rules and Administrative Manual Rule 5005-4(2) and 2.4(b).  In this case, the Summons was issued to the Plaintiffs on May 11, 2016.  On May 27, 2016, Plaintiffs filed the return of service of the Summons which showed service by Plaintiffs on Debtor by U.S. mail, postage prepaid at his residence on May 24, 2016, within the 14 day timeframe.  Therefore, the Summons was not untimely issued.

## <u>CONCLUSION</u>

For all of the above reasons, the Motion to Dismiss Complaint filed by Debtor Taylor Parker, be and hereby is, **DENIED**.

Joan A. Lloyd
United States Bankruptcy Judge

Dated:  October 1, 2016

-5-

**UNITED STATES BANKRUPTCY COURT**
**FOR THE**
**WESTERN DISTRICT OF KENTUCKY**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| TAYLOR N. PARKER | ) | CASE NO.  16-10173(1)(7) |
| | ) | |
| Debtor(s) | ) | |
| | ) | |
| ESTATE OF KENNETH GOWER, et al. | ) | AP No. 16-1016 |
| | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TAYLOR N. PARKER | ) | |
| | ) | |
| Defendant(s) | ) | |

**ORDER**

Pursuant to the Memorandum-Opinion entered this date and incorporated hereby by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion to Dismiss Complaint of Debtor Taylor Parker, be and hereby is, **DENIED**.

Joan A. Lloyd
United States Bankruptcy Judge
Dated:  October 1, 2016

## UNITED STATES BANKRUPTCY COURT
### FOR THE
### WESTERN DISTRICT OF KENTUCKY

IN RE:                                    )
                                         )
    TAYLOR N. PARKER              )          CASE NO.  16-10173(1)(7)
                                         )
             Debtor(s)     )
                                         )
    ESTATE OF KENNETH GOWER, et al.   )          AP No. 16-1016
                                         )
           Plaintiff(s)    )
                                         )
v.                                       )
                                         )
    TAYLOR N. PARKER              )
                                         )
          Defendant(s)    )

### ORDER

      This matter is before the Court on the Motion for Issuance of Summons by Plaintiffs Estate of Kenneth Gower, et al., and the Court being duly advised in the premises,

      **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Plaintiffs' Motion for Issuance of Summons, be and hereby is, **DENIED AS MOOT**.

_____
Joan A. Lloyd
United States Bankruptcy Judge
Dated:  October 1, 2016

**UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| TAYLOR N. PARKER | ) | CASE NO.  16-10173(1)(7) |
| | ) | |
| _____ Debtor(s) | ) | |
| | ) | |
| ESTATE OF KENNETH GOWER, et al. | ) | AP No. 16-1016 |
| | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TAYLOR N. PARKER | ) | |
| | ) | |
| _____ Defendant(s) | ) | |

**<u>ORDER</u>**

This matter is before the Court on the Motion to Dismiss the Estate of Kenneth Gower by

Plaintiffs Estate of Kenneth Gower, et al. and the Court being duly advised in the premises,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Plaintiffs' Motion

to Dismiss the Estate of Kenneth Gower as a party to this action, be and hereby is, **GRANTED**.

Joan A. Lloyd
United States Bankruptcy Judge
Dated:  October 1, 2016