# UNITED STATES BANKRUPTCY COURT
# FOR THE
# WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| TAYLOR N. PARKER | ) | CASE NO. 16-10173(1)(7) |
| | ) | |
| Debtor(s) | ) | |
| | ) | |
| ANNETTE STROUD, et al. | ) | AP No. 16-1016 |
| | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TAYLOR N. PARKER | ) | |
| | ) | |
| Defendant(s) | ) | |

## MEMORANDUM-OPINION

This matter is before the Court on the Motion for Summary Judgment of Plaintiffs Annette Stroud, Donna G. Sircy, Pamela G. Stewart and Marcy G. Wilkins ("Plaintiffs") against Defendant/Debtor Taylor N. Parker ("Debtor"). The Court considered the Motion for Summary Judgment and Supporting Memorandum of Law filed by the Plaintiffs, the Debtor's Response to Plaintiffs' Motion for Summary Judgment, the Trial Brief of the Plaintiffs and the Trial Brief of the Debtor. For the following reasons, the Court will **GRANT** the Plaintiffs' Motion for Summary Judgment. A Judgment incorporating the findings herein accompanies this Memorandum-Opinion.

## UNDISPUTED FACTS

On or about October 7, 2004 and October 12, 2004, Debtor burglarized the home of Kenneth Gower taking guns, rare coins and other valuables.

On or about November 29, 2005, Debtor was charged in the Juvenile Court for Robertson County, Tennessee with aggravated burglary and theft of property over $10,000. These criminal charges were based on the property stolen by the Debtor from Kenneth Gower.

Debtor entered a plea of *No Contendere* to the charge of theft of property over $10,000.

On January 4, 2006, Debtor was ordered to pay restitution to Kenneth Gower in the amount of $105,000. A copy of the Order of Disposition is attached to Plaintiffs' Memorandum as Exhibit 1. The Order to pay restitution was also a joint and several responsibility with two of Debtor's Co-Defendants. Debtor's share of the full restitution amount was $35,000, payable at the rate of $371.23 per month with interest accruing at a rate of 5% over a 10 year period.

On September 14, 2006, the Chancery Court for Robertson County, Tennessee entered an Agreed Judgment in favor of Kenneth Gower and against Debtor in the amount of $35,000 based upon the damages caused by the burglaries. A copy of the Agreed Judgment is attached to Plaintiffs' Motion for Summary Judgment as Exhibit 2. The Agreed Judgment specifically states that Debtor is liable "to the Plaintiff [Kenneth Gower] and his heirs for damages for burglary to his residence on October 7, 2004 and October 12, 2004." Under Tennessee law a restitution order converted to a civil judgment that remains in effect until paid in full is enforceable by the victim or the victim's beneficiary to the same extent as other civil judgments. *See*, Tenn. Code Anno. § 40-35-304.

On September 7, 2007, Kenneth Gower died testate and his Last Will and Testament was probated in the Probate Court for Robertson County, Tennessee, Case No. 19958. The four Plaintiffs were the sole beneficiaries listed in Kenneth Gower's Last Will and Testament. Plaintiffs Annette Stroud and Donna Sircy were named in the Will as Co-Executrixes of the Estate.

On or about August 26, 2009, the Co-Executrixes assigned, transferred and set over all right, title and interest of the Estate of Kenneth Gower in the Judgment referenced above to the Plaintiffs as joint owners and tenants-in-common. The Assignment was filed in the books and records of the Robertson County, Tennessee Registrar's Office on November 13, 2009. The Assignment is attached as Exhibit 3 to the Plaintiffs' Motion for Summary Judgment.

On or about August 11, 2014, Debtor and the Plaintiffs' entered into an Agreed Order Reviving and Extending Judgment, which acknowledged that Debtor had paid $16,428.63 in satisfaction of the Judgment but that interest of $15,049.10 remained unpaid. The parties agreed that the current balance as of September 14, 2006 of the Judgment against Debtor was $33,620.47. The Agreed Order specifically provided, ". . . the current judgment amount of $33,620.47 is hereby revived and extended until such time as it is satisfied in full, for which execution may issue if necessary. This amount will accrue interest at the current statutory rate of 5.25%." The Agreed Order Reviving and Extending the Judgment is attached as Exhibit 4 to the Plaintiffs' Motion for Summary Judgment.

The Plaintiffs were represented by counsel and Debtor entered the Agreed Order, *pro se*. The Chancellor for the Chancery Court for Robertson County, Tennessee in Case No. 19019 signed the Agreed Order and it was filed of record in the Chancery Court on August 11, 2014. There is no evidence in the record that any party ever moved to set aside or challenged the Agreed Order Reviving and Extending Judgment.

On March 1, 2016, Debtor filed his Voluntary Petition seeking relief under Chapter 7 of the United States Bankruptcy Code. In Schedule E/F to the Petition: Creditors Who Have Unsecured

Claims, Debtor listed the Estate of Kenneth Gower as a Creditor with a $30,000 claim listed as "disputed criminal restitution."

On May 11, 2016, the Plaintiffs and the Estate of Kenneth Gower initiated this adversary proceeding against Debtor seeking to have the debt represented in the Agreed Judgment declared nondischargeable pursuant to 11 U.S.C. §§ 523(a)(6) and 523(a)(7).

The Estate of Kenneth Gower was deemed to not be a necessary party to the case following a Memorandum-Opinion of this Court denying the Debtor's Motion to Dismiss the Complaint. *See*, Dkt. #14. The Plaintiffs then filed a Motion for Leave to File an Amended Complaint to add a basis for nondischargeability under 11 U.S.C. § 523(a)(4) and moved to dismiss the Estate as a Plaintiff. An Order granting the Motion for Leave to File the Amended Complaint was entered on January 24, 2017. Debtor filed his Answer to the Amended Complaint on February 8, 2017.

On March 16, 2017, Plaintiffs filed their Motion for Summary Judgment against Debtor seeking summary judgment as a matter of law as to the nondischargeability of the debt owed by Debtor to the Plaintiffs under 11 U.S.C. § 523(a)(4). Plaintiffs' Motion for Summary Judgment is based upon the undisputed material facts set forth above, as well as the Debtor's Responses to Requests for Admissions served upon him by the Plaintiffs and the relevant law.

## LEGAL ANALYSIS

Rule 7056 of the Federal Rules of Bankruptcy Procedures applies Rule 56 of the Federal Rules of Civil Procedure in Adversary Proceedings. The standard for summary judgment is found in Fed. R. Civ. P. 56(a) which states, in pertinent part:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The movant bears the initial burden of showing that no genuine issue as to any material fact exists and that it is entitled to a judgment as a matter of law. *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir. 2003). An issue of material fact is "genuine" when the evidence is such that a reasonable jury could find in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Once the movant has met its burden, the non-moving party must present significant probative evidence to demonstrate that there is a genuine issue for trial. *Id.* In this case, the undisputed material facts set forth by the Plaintiffs establish that the Plaintiffs are entitled to summary judgment as a matter of law on their claim of nondischargeability under 11 U.S.C. § 523(a)(4). The Debtor did not meet his burden of establishing that there is a genuine issue for trial.

Plaintiffs' Motion for Summary Judgment is based solely on their claim raised under 11 U.S.C. § 523(a)(4). Therefore, the Court will not address the Debtor's arguments raised in his Response to the Motion for Summary Judgment and his Trial Brief based on claims in the Plaintiffs' Complaint made under 11 U.S.C. §§ 523(a)(6) and 523(a)(7).

Under 11 U.S.C. § 523(a)(4), a discharge under 11 U.S.C. § 727 does not discharge an individual debtor from any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." Larceny is defined as "the taking of property from the possession of another without his consent and with intent to permanently deprive him of possession." *In re Morris*, 229 B.R. 683, 684 (E.D. Ky. 1999), quoting *United States v. Sellers*, 670 F.2d 853 (9th Cir. 1982). If a debt is the result of larceny, it is nondischargeable. *Id.* Debtor contends that he did not take anything from the Plaintiffs and therefore Plaintiffs had no ownership interest in the property

taken by Debtor from Kenneth Gower's home in the burglaries. Debtor contends that the Plaintiffs do not have standing to raise the nondischargeability claim under § 523(a)(4).

Rule 4007(a) of the Federal Rules of Bankruptcy Procedure determines who has standing to file a complaint to determine the dischargeability of a debt. The Rule states as follows:

> **(a) PERSONS ENTITLED TO FILE COMPLAINT**. A debtor or any creditor may file a complaint to obtain a determination of the dischargeability of any debt.

Thus, any creditor may file a complaint to determine the dischargeability of a debt.

Debtor contends that the Plaintiffs failed to establish that they are the appropriate parties to assert the claim for nondischargeability which belonged to the Estate of Kenneth Gower. The Court disagrees. Mr. Gower had a Judgment against Debtor based on damages caused by the burglaries. The undisputed facts establish that the Co-Executrixes of the Estate of Kenneth Gower assigned the Agreed Judgment to the Plaintiffs. Debtor further contends that the Judgment had expired under Tennessee law and was no longer enforceable against the Debtor.[1] Prior to the Judgment's expiration, the Debtor entered into an Agreed Order with the Plaintiffs reviving the Judgment and its enforceability until it was paid in full. The Agreed Order was signed by the Chancellor of the Chancery Court in Tennessee and entered into the record of Case No. 19019 filed by the Plaintiffs against the Debtor. The Order was not set aside nor was it challenged by any party. This Court does not have the authority to set aside that Agreed Order.

Debtor states in his Trial Brief that a Bankruptcy Court in the Eastern District of Kentucky found that "the nondischargeability of a debt created by a larceny must be pursued by the person or entity that owned the items taken or an insurance company that paid a claim and had a subrogation

---

[1] Debtor abandoned this argument in his Trial Brief since the Judgment had not expired under Tennessee law. *See*, Tenn. Code Ann. § 28-3-110(a)(2).

right as a matter of contract." Debtor's Trial Brief, p. 5. Debtor cited no authority to support this statement. The Court assumes Debtor is referring to *In re Morris*, 229 B.R. 683 (Bankr. E.D. Ky. 1999). The *Morris* decision, however, does not indicate that a claim under U.S.C. § 523(a)(4) may only be pursued by the owner of the property or a subrogee. Nothing in the *Morris* decision indicates that a creditor with a properly assigned judgment does not have standing to pursue a nondischargeability action on the claim. Absent compelling authority to the contrary, that has not been presented here, it is illogical and seemingly against public policy that the owner of a valid assignment of judgment for damages cannot pursue a nondischargeability action. This is particularly true in the case at bar where Tennessee law specifically provides that an award for criminal restitution can be converted to a civil judgment and is enforceable by the victim or the victim's beneficiaries. *See*, Tenn. Code Ann. § 40-35-304.

The Assignment, as well as the Agreed Order, were all properly registered in the Registrar's Office in the appropriate county in Tennessee. Debtor failed in his burden to dispute any of the material facts, nor did Debtor set forth any appropriate law or authority upon which this Court could set aside either the Assignment or the Agreed Judgment or the Agreed Order reviving the Judgment. Debtor clearly listed the Estate of Kenneth Gower as a Creditor in his Chapter 7 bankruptcy. The Estate legally assigned its claim to the Plaintiffs and the Plaintiffs, Creditors of the Debtor, are the appropriate parties to bring the nondischargeability action herein.

The Request for Admissions, as set forth in the Memorandum of Law in support of the Motion for Summary Judgement, established that Debtor committed larceny resulting in the nondischargeability of the debt owed to the Plaintiffs. Accordingly, the Court finds that the undisputed facts establish that the Plaintiffs are entitled to summary judgment in their favor, as a

matter of law, declaring the debt owed by the Debtor to the Plaintiffs nondischargeable pursuant to 11 U.S.C. § 523(a)(4).

## **CONCLUSION**

For all of the above reasons, the Plaintiffs are entitled to summary judgment in their favor declaring the debt owed to them by Debtor nondischargeable pursuant to 11 U.S.C. § 523(a)(4). A Judgment incorporating the findings herein accompanies this Memorandum-Opinion.

# UNITED STATES BANKRUPTCY COURT
# FOR THE
# WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| TAYLOR N. PARKER | ) | CASE NO. 16-10173(1)(7) |
| | ) | |
| Debtor(s) | ) | |
| | ) | |
| ANNETTE STROUD, et al. | ) | AP No. 16-1016 |
| | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TAYLOR N. PARKER | ) | |
| | ) | |
| Defendant(s) | ) | |

## JUDGMENT

This matter having come before the Court on the Motion for Summary Judgment filed by Plaintiffs Annette G. Stroud, Donna G. Sircy, Pamela G. Stewart and Marcy G. Wilkins, and pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion for Summary Judgment of the Plaintiffs is **GRANTED**.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Debtor/Defendant's debt to the Plaintiffs in the amount of $33,620.47 as of September 14, 2006, plus interest accruing at the rate of 5.25% per annum, is declared nondischargeable pursuant to 11 U.S.C. § 523(a)(4).